## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **SANDRA BAKER,**<br><br>             **Plaintiff,**<br><br>**v.**<br><br>**PROGRESSIVE DIRECT INSURANCE COMPANY; DOES I-V; and ROE CORPORATIONS VI-X, inclusive,**<br><br>             **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No. 2:21-cv-00307-JCB**<br><br><br>**Magistrate Judge Jared C. Bennett** |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1] Before the court is Plaintiff Sandra Baker's ("Ms. Baker") second motion to amend complaint.[2] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(g), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda. As shown below, the court denies Ms. Baker's motion.

### ANALYSIS

Although Ms. Baker's argument is framed as a motion to amend her complaint pursuant to Fed. R. Civ. P. 15, a motion to amend is not the correct mechanism for Ms. Baker to add a claim of bad faith at this stage of litigation. The court dismissed Ms. Baker's claims for breach of

---

[1] ECF No. 9.

[2] ECF No. 50.

the covenant of good faith and fair dealing and bad faith *with prejudice* when it granted

Progressive's motion for partial summary judgment.[3] Accordingly, to resurrect these bad faith

claims, Ms. Baker cannot simply request leave to amend her complaint to redo a claim that the

court has already rejected on the merits. Therefore, the court treats Ms. Baker's motion as a

motion to reconsider its prior ruling extinguishing Ms. Baker's bad faith claims. In doing so, the

court concludes that, even if Ms. Baker had filed the correct motion, no grounds exist for the

court to reconsider.

      The court declines to reconsider its prior order based in part on the law of the case

doctrine. "[T]he law of the case 'doctrine posits that when a court decides upon a rule of law, that

decision should continue to govern the same issues in subsequent stages in the same case.'"[4]

This doctrine is designed to promote decisional finality and prevent re-litigation of previously

decided issues.[5] When law of the case doctrine applies, three narrow circumstances may warrant

departure from a court's prior ruling: (1) new and different evidence; (2) intervening controlling

authority; or (3) a clearly erroneous prior decision which would work manifest injustice.[6]

      Ms. Baker appears to contend that the court should reconsider its order dismissing her

bad faith claims based on "newly discovered evidence" about Progressive's retained medical

expert, Dr. Maric, who determined Ms. Baker was not injured and therefore did not require

spinal surgery. Ms. Baker asserts that Dr. Maric is "materially biased, and upon information and

---

[3] ECF No. 44.

[4] *United States v. Monsisvais*, 946 F.2d 114, 115 (10th Cir. 1991) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)).

[5] *Wilson v. Meeks*, 98 F.3d 1247, 1250 (10th Cir. 1996).

[6] *Id.*

belief[,] routinely offers similar opinions specifically to support insurance companies."[7] Ms. Baker's counsel apparently discovered this possible pattern while handling two other lawsuits wherein Dr. Maric opined that plaintiffs were not injured in their respective collisions and thus did not require spinal surgery. This led Ms. Baker's counsel to uncover an unpublished opinion from the Court of Appeals of Arizona that determined it was a question for the jury whether the defendant insurance company had acted in bad faith by hiring Dr. Maric.[8] Consequently, Ms. Baker argues that the *Bennett* case is evidence that, "Progressive knew [Dr. Maric] would not offer a fair opinion and such testimony would cause further hardship to [Ms. Baker] – in violation of Progressive's responsibility to act in good faith."[9] However, Ms. Baker has been aware of Progressive's selection of Dr. Maric as a retained medical expert in this case for almost two years, and the *Bennett* case Ms. Baker's counsel now cites is almost eleven years old. Therefore, this information was readily discoverable to Ms. Baker at the time Progressive filed its motion for partial summary judgment, and Ms. Baker has not demonstrated that she made a diligent effort to discover it at that time. Accordingly, Ms. Baker has not persuaded the court that sufficient grounds exist to reconsider the dismissal of her bad faith claims.

Furthermore, even if the court treated Ms. Baker's motion as a motion to amend, her motion would still fail because it is untimely under Rule 16 and futile under Rule 15. If a motion to amend was the proper relief at this point, Ms. Baker would have been required to show "good cause" for modifying the scheduling order pursuant to Fed. R. Civ. P. 16(b)(4) as the deadline for

---

[7] ECF No. 50 at 2.

[8] *Bennett v. Ins. Co. of the State of Penn.*, Case No. 1 CA-CV 10-0815, 2012 WL 424913 (Ariz. Ct. App. Feb. 9, 2012).

[9] ECF No. 50 at 2.

amending pleadings was February 4, 2022.[10] Ms. Baker has not identified this standard in her motion nor any justification for the timing of her motion besides the "newness" of this information about Dr. Maric, an argument the court rejected above.

However, even if the court deemed this information about Dr. Maric "new," these factual allegations do nothing to rectify the reasons the court dismissed Ms. Baker's bad faith claims in the first place, so the motion is futile.[11] In its order granting partial summary judgment in favor of Progressive, the court held that Ms. Baker cannot maintain a viable cause of action for the breach of the implied covenant of good faith and fair dealing because she cannot establish the fact of damages as to any such claim.[12] Therefore, Ms. Baker's inability to show that she suffered any damages as a consequence of Progressive's alleged bad faith conduct is fatal to her

---

[10] ECF No. 28 [Operative Scheduling Order]. "Fed. R. Civ. P] 15(a)(2) and 16(b)(4) govern where, as here, a party seeks leave to amend a pleading after the deadline for amending set in a scheduling order has passed. *C.R. Bard, Inc. v. Med. Components, Inc.*, No. 2:12-CV-00032-RJS-DAO, 2021 WL 1842539, at *2 (D. Utah May 7, 2021). Rule 16(b)(4) directs that a court-issued scheduling order "may be modified only for good cause and with the judge's consent." "Good cause" under Rule 16 is a "more stringent standard than the standards for amending a pleading under Rule 15." *Bylin v. Billings*, 568 F.3d 1224, 1231 (10th Cir. 2009). It "requires diligence," meaning the party moving for the amendment "cannot establish good cause if [she] knew of the underlying conduct but simply failed to raise [her] claims." *Husky Ventures, Inc., v. B55 Investments, Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) (quotation simplified). Rule 16's good cause requirement may be satisfied "if a plaintiff learns new information through discovery or if the underlying law has changed." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). However, "[a] litigant's failure to assert a claim as soon as [she] could have is properly a factor to be considered in deciding whether to grant leave to amend." *Tesone v. Empire Mktg. Strategies*, No. 17-CV-0201-MEH, 2019 WL 8223285, at *2 (D. Colo. Jan. 17, 2019) (quotations and citation omitted). District courts are "afforded wide discretion" in determining whether the movant has shown good cause. *Bylin*, 568 F.3d at 1231.

[11] "Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the [court] may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cnty. Sch. Dist. v. Moody's Invs Servs.*, 175 F.3d 848, 859 (10th Cir. 1999).

[12] ECF No. 44 at 21-22.

claims.[13] In the instant motion, Ms. Baker has not presented any new theory of damages arising from Progressive's alleged bad faith actions.[14] Therefore, her bad faith claims, as amended, would be subject to dismissal for the same reason the court previously dismissed them. Consequently, whether construed as a motion to reconsider or as a motion to amend, the court denies Ms. Baker's request for relief.[15]

CONCLUSION AND ORDER

Based upon the foregoing analysis, the court DENIES Ms. Baker's second motion to amend her complaint.[16]

IT IS SO ORDERED.

DATED this 3rd day of November 2023.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[13] *Id.*

[14] In fact, Ms. Baker misstates the law in her reply in support of her motion to amend when she states: "Plaintiff's bad faith and breach of the covenant of good faith and fair dealing causes of action need not seek unique damages. Instead, they can seek the same damages as Plaintiff's claims for breach of contract and UIM benefits – albeit under separate theories of recovery." ECF No. 52 at 1. This ignores the court's authority cited in its twelve-page explanation in its previous order detailing exactly what Ms. Baker must do to establish the fact of damages for a bad faith claim. ECF No. 44 at 21-33.

[15] ECF No. 50.

[16] ECF No. 50.